CLARK J. CHURCH and S. P. CHURCH, Appellants, v. CASS MARSH and ELTON MARSH.

**Cancellation of instruments:** BURDEN OF PROOF: EVIDECE. In an action to cancel a deed on the ground of fraudulent representations inducing an exchange of lands, the plaintiff has the burden of showing that the representations were false and that he relied thereon to his damage. Evidence held insufficient to sustain this burden.

*Appeal from Linn District Court.*— HON. J. H. PRESTON, Judge.

FRIDAY, JANUARY 11, 1907.

SUIT in equity to cancel and set aside a deed. Trial to the court and judgment for the defendants. The plaintiffs appeal.— *Affirmed.*

*E. C. Preston* and *S. K. Tracy,* for appellants.

*W. F. Fitzgerald* and *Jamison & Smyth,* for appellees.

SHERWIN, J.— The plaintiff S. P. Church was the owner of twenty acres of land located near Cedar Rapids, Iowa, and the defendant Cass Marsh was the owner of a farm of three hundred and sixty acres of land located in Phelps county, Mo. They exchanged these properties through a real estate agent of Cedar Rapids; neither of them personally inspecting the property he acquired until after the deeds had been passed. This suit was brought by S. P. Church and Clark J. Church, who held the legal title to the twenty-acre tract at the time of the exchange, to cancel and set aside the deed to the Iowa land because of the fraudulent representations of Marsh and his agent as to the quality and value of the Missouri land. There were no personal negotiations between these parties, and aside from the representations alleged to have been made by one Mather, who negotiated the trade and who it is claimed was the agent of Marsh in the transaction, the plaintiffs rely on a letter written by Marsh to Mather in which he described his land and made certain statements as to its quality, value and improvements. The burden is, of course, on the plaintiffs to show that some or all of these representations were false, and that they were misled and damaged thereby. We cannot review the evidence in detail, but shall give our conclusion from a careful reading thereof.

The letter described the buildings on the farm and the general character and lay of the land, and stated that Marsh could not tell how many bearing fruit trees there were, but that there were several hundred, and that he had " at least five hundred bushels of peaches " that year on the farm. As to these representations, aside from the statement as to the

peaches raised that year, it may be said there is no serious conflict in the evidence. It may well be said that the general description of the improvements, the buildings, the quality and location of the land were in accord with the facts. The evidence tends to show that the orchard had not been well cared for, and there is opinion testimony to the effect that the peach trees therein could not have yielded the number of peaches claimed. But opposed to this is the direct testimony of several witnesses that it did, in fact, yield as stated in the letter. The appellants' principal contention is that the statement in the letter that the land was of the value of $20 per acre was false and fraudulent. With this we cannot agree, however. All that the letter says about the value of the land is this: " This farm of 360 acres is cheap at $20 per acre, but I will do what I first wrote, take $12.50 per acre." It is evident that there was nothing more than the expression of an opinion that the land was cheap at $20 per acre, and, furthermore, that the plaintiffs could not have relied greatly thereon, when in the same sentence the defendant offered to trade it in at a much lower price.

The statement does not bring the case within the rule that a statement of value may amount to a fraudulent misrepresentation of a fact in some cases, but it falls within the well-established rule that ordinarily such statements are expressions of opinion only.

The alleged agent, Mather, knew nothing of the Missouri land, except as he had been informed by Marsh, and he made no representations as to the land. All that he said was that he thought Marsh was truthful and could be relied on. Such statement was clearly an opinion only, and cannot be made the basis of fraud. It may be that the plaintiff was cheated in the trade — this is not clear from the evidence — but, however it may be, he was invited to inspect the land before making the deal and did not see fit to do so, and, if he has suffered, it is largely on account of his own neglect.

We find no reason for reversing the case, and it is *affirmed.*